IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHEILA BARROW,                         )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    No.  3:04-cv-206
                                       )
THE CATO CORPORATION,                  )
                                       )
        Defendant.                     )

### MEMORANDUM OPINION

This civil action is before the court on the defendant's motion for summary judgment [doc. 15]. The plaintiff has filed a response [doc. 20], and the defendant has filed a reply brief [doc. 21]. The court finds that oral argument on the motion will not be necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion for summary judgment will be granted.

In her complaint, the plaintiff alleges that she suffered a work-related, repetitive motion injury to her right elbow, and her supervisor refused to allow her to work within her restrictions. She further alleges that she was falsely accused of a violation of company policy and put on temporary suspension without pay, which resulted in the termination of her employment. She claims that the

suspension was due to her disability and in retaliation for making a worker's compensation claim. She also makes a claim for age discrimination.[1]

# I.

## Factual Background

The plaintiff was a co-manager of the defendant's store in Roane County, Tennessee. In January 2003, the plaintiff suffered an injury to her right elbow which she claimed was work related. She made a worker's compensation claim shortly thereafter, and according to the complaint, her treating physician placed some minimal restrictions on her work (no lifting over 5-10 pounds and limited pinching and grabbing). In the spring of 2003, and later in August 2003, the plaintiff was offered a promotion to become a manager of the defendant's store in Lenoir City, Tennessee. The plaintiff turned down both these promotions.

In September 2003, an employee reported that the plaintiff had conducted an improper return of merchandise, by handling her own return, in violation of company policy. On October 17, 2003, the defendant's regional loss prevention manager, Jim Cox, came to the store, reviewed the relevant store records, and questioned the plaintiff about the return. The plaintiff denied that the return was improper. Mr. Cox, however, found that the plaintiff could not

---

[1] The court notes that almost none of the statutory citations in the plaintiff's complaint are correct. For example, 42 U.S.C. § 1201 is not a cite to the ADA; 28 U.S.C. § 1981(a) does not exist; 28 U.S.C. § 1931 relates to the disposition of filing fees; 28 U.S.C. § 1343(4) does not exist; and Tenn. Code Ann. § 8-50-101has been transferred to § 8-50-801 and relates to paid absences from work for state employees.

demonstrate that the return was not a violation of store policy, so he suspended her without pay. The court will assume for purposes of this opinion, as it must, that the return was not improper.

On October 30, 2003, the plaintiff wrote a letter to the company again denying that the return was improper. At the end of the letter she wrote:

> At this time I am requesting a copy of any company handbook, statement, policy or other document upon which my suspension is based. I am also requesting CATO either reinstate me to my position of co-manager or terminate with the next seven days. If I do not hear from a CATO representative with that period of time, I will consider myself terminated.

Evidently, no one from the defendant contacted the plaintiff within the time she referenced in her letter. She filed an EEOC complaint in January 2004 claiming retaliation for taking time off to go to physical therapy for her elbow injury. She also discussed the suspension without pay. She received her right to sue letter in February 2004 and timely filed this lawsuit on May 5, 2004.

## II.

## Legal Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As the Supreme Court stated in *Celotex*

3

*Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), this "plain language mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Thus, the moving party's burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554. In order for a non-moving party to defeat a motion for summary judgment, the non-moving party must come forward with persuasive evidence to support his or her claim or demonstrate that there is a genuine material factual dispute; that is, the non-moving party must produce evidence on which the jury could reasonably find for the non-moving party.

### A. Plaintiff's Disability Discrimination Claim

The plaintiff's disability claim is brought under the American with Disabilities Act (ADA) (42 U.S.C. §§ 12101, *et seq.*) and the Tennessee Human Rights Act (THRA) (Tenn. Code Ann. §§ 8-50-103 and 42-21-101 *et seq.*).[2] In order to make out a disability discrimination claim, the plaintiff must prove "(1) she has a disability; (2) she was qualified for the job; and (3) she either was denied a reasonable accommodation for her disability or was subject to an adverse

---

[2] The analysis of claims under both the ADA and the THRA is the same. *See, e.g.*, *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996).

employment decision that was made solely because of her disability." *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996). The plaintiff's first responsibility is to establish that she has a disability. *See Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 253 (6th Cir. 2000) (ability to show that plaintiff is disabled is a threshold requirement for recovery under the ADA). The term "disability" is defined in the ADA as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

The defendant argues that the plaintiff cannot meet her burden because she is not disabled as defined by the ADA because she cannot show that she has an impairment which prevents or significantly restricts her from performing either a class of jobs or a broad range of jobs compared to the average person having comparable training, skills and abilities. *See McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 372 (6th Cir. 1997). The only evidence in the record about the plaintiff's disability is the plaintiff's statement in her affidavit that she "sustained a repetitive motion type injury to my right elbow on or about January 10, 2003." In her complaint she alleges that some restrictions were placed on her by her treating doctor, including "no lifting over 5-10 pounds and limited pinching and grabbing." It is clear in the record, however,

that her elbow injury did not impair her ability to do her job, as evidenced by the two promotion offers she received after her injury.

Even if the plaintiff's elbow injury met the ADA's definition of disability, she has not shown that the defendant failed to accommodate her injury or that she suffered an adverse employment decision because of her disability. Again, aside from her statements in her EEOC complaint that she was told that she had to make up the time she took off to go to physical therapy, there is nothing in the record beyond the plaintiff's allegations in her complaint that her supervisor would not allow her to work within her restrictions. *See* Fed. R. Civ. P. 56(e) (non-moving party may not rest upon the mere allegations of her pleadings to demonstrate the presence of an issue of fact); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (the plaintiff has the burden of producing evidence which would support a jury verdict in her favor). Further, the plaintiff admitted in her deposition that she did not have any evidence that she was temporarily suspended without pay because of her injury.

The court finds that the plaintiff has failed to produce any evidence to support her disability discrimination claim, and it must be dismissed.

### B. Plaintiff's Retaliation Claim

The plaintiff claims that she was suspended and terminated in retaliation for seeking worker's compensation benefits. This appears to be a common-law claim under Tennessee law for retaliatory discharge.

In Tennessee, in order to make out a claim for common-law retaliatory discharge, the plaintiff must establish four elements: (1) that she was an employee-at-will; (2) that she was discharged; (3) that the reason she was discharged was because she attempted to exercise a statutory right; and (4) that the plaintiff's exercise of her rights was a substantial factor in the defendant's decision to discharge the plaintiff. *See Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002). In this case, there is no evidence that the plaintiff was not an employee-at-will, so the court will presume that the defendant could discharge the plaintiff at any time for any non-discriminatory reason. *Id.* at 857-58.

The second element, however, is more problematic. Technically, the plaintiff terminated her own employment by sending a deadline letter to which the defendant never replied. Nonetheless, this issue makes no difference since the plaintiff has not come forward with any evidence that she was suspended/discharged because she made a worker's compensation claim. In fact, in her deposition, the plaintiff admits that she brought the lawsuit "for what they did on the 17th regarding what they accused me of. I didn't base my lawsuit

7

on my workers' compensation or whether I thought that they did this because of that. I did this because they did what they did." She also admitted that she did not have any reason to believe that Jim Cox, who suspended her, knew about her injured elbow. The plaintiff admitted under oath that she had no evidence that her injury had anything to do with her suspension. Absent this evidence, the court finds that the plaintiff has not established a question of fact as to whether she was discharged in retaliation for filing a worker's compensation claim. Therefore, this claim must be dismissed.

### C. Plaintiff's Age Discrimination Claim

Plaintiff's age discrimination claim appears to be based solely on the fact that she was forty-one years old at the time she was suspended. This claim, however, was not raised or mentioned in the plaintiff's EEOC charge of discrimination. Since the plaintiff chose the administrative path, rather than filing suit in circuit or chancery court, she was obligated to exhaust her administrative remedies. *See Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 649 (Tenn Ct. App. 2001). The plaintiff's age discrimination claim, to the extent there is any merit to the claim, was never administratively considered, and it must be dismissed.

## III.

## Conclusion

For the reasons discussed above, the court finds that the plaintiff has failed to demonstrate that there is a genuine issue of material fact as to any of her claims, and they must be dismissed.  An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge